

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| DIB | *271 Cadman Plaza East* |
| F. #2024R00288 | *Brooklyn, New York 11201* |

November 1, 2024

<u>By ECF and E-mail</u>

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  United States v. Long Phi Pham
>     <u>Criminal Docket No. 24-359 (LDH)</u>

Dear Judge DeArcy Hall:

On October 2, 2024, the defendant Long Phi Pham pleaded guilty before the Honorable Sanket J. Bulsara, United States Magistrate Judge, to the sole count of the Information in the above-captioned matter. This Court has scheduled the defendant's sentencing for April 25, 2025. By this letter, the government respectfully requests that the Court accept the defendant's guilty plea.

The government encloses as Exhibits A and B, respectively: (1) a transcript of the October 2, 2024, plea hearing, during which Judge Bulsara recommended that this Court accept the defendant's guilty plea (<u>see</u> Ex. A at 36:1-4); and (2) a proposed Order.

Very truly yours,

BREON PEACE
United States Attorney

By:  *David I. Berman*
    David I. Berman
    Assistant U.S. Attorney
    (718) 254-6167

cc:  Clerk of the Court (LDH)
    Michael Soshnick, Esq. (counsel for defendant)

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,　　: 24-CR-359(LDH)(SJB)
　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　: United States Courthouse
　　　　-against-　　　　　　 : Brooklyn, New York
　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　: Wednesday, October 2, 2024
LONG PHAM,　　　　　　　　　 : 2:00 p.m.
　　　　　　　　　　　　　　　:
　　　　Defendant.　　　　　　:
　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - -X

TRANSCRIPT OF
CRIMINAL CAUSE FOR ARRAIGNMENT AND GUILTY PLEA
BEFORE THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:

For the Government:　　UNITED STATES ATTORNEY'S OFFICE
　　　　　　　　　　　　Eastern District of New York
　　　　　　　　　　　　　　271 Cadman Plaza East
　　　　　　　　　　　　　　Brooklyn, New York 11201
　　　　　　　　　　　　BY: DAVID I. BERMAN, ESQ.
　　　　　　　　　　　　　　KAITLIN T. FARRELL, ESQ.
　　　　　　　　　　　　　　Assistant United States Attorneys

For the Defendant:　　LAW OFFICE OF MICHAEL L. SOSHNICK
　　　　　　　　　　　　Attorney for the Defendant -
　　　　　　　　　　　　Long Pham
　　　　　　　　　　　　　　170 Old Country Road
　　　　　　　　　　　　　　Suite 307
　　　　　　　　　　　　　　Mineola, New York 11501
　　　　　　　　　　　　BY: MICHAEL L. SOSHNICK, ESQ.

Court Reporter:　Anthony D. Frisolone, FAPR, RDR, CRR, CRI
　　　　　　　　　Official Court Reporter
　　　　　　　　　Telephone: (718) 613-2487
　　　　　　　　　E-mail: Anthony_Frisolone@nyed.uscourts.gov

Proceedings recorded by computerized stenography.
Transcript produced by Computer-aided Transcription.

1        (In open court.)

2        COURTROOM DEPUTY:  We're here for criminal

3  objection 24-CR-359 for a plea hearing.  United States

4  Mr. Pham.  Counsel please state your appearances for the

5  record starting with the Government.

6        MR. BERMAN:  Good afternoon, your Honor.  David

7  Berman for the Government along with AUSA Kaitlin Farrell

8  for the Government as well.

9        THE COURT:  Good afternoon.

10        MR. SOSHNICK:  Good afternoon, your Honor, Counsel

11  and everyone.  I'm Michael L. Soshnick, S-o-s-h-n-i-c-k.

12  I'm appearing on behalf of the defendant who is seated to my

13  right.

14        THE COURT:  Good afternoon and good afternoon,

15  Mr. Pham.  I wanted to clarify a couple of things.  One, and

16  I'll ask the Government first, but is it correct that

17  Mr. Pham has not actually formally been arraigned on the

18  information?

19        MR. BERMAN:  Correct, your Honor.  He was

20  arraigned on the underlying compliant in this action.

21        THE COURT:  And there was no indictment prior to

22  the filing of the information; is that right?

23        MR. BERMAN:  Correct, your Honor.  And we'll be

24  submitting today a waiver of indictment form.

25        THE COURT:  The other second -- Counsel, do you

1  agree with that?

2         MR. SOSHNICK:  One hundred percent, your Honor.

3         THE COURT:  The second thing is I received an

4  element sheet that was filed on the docket.  My version is

5  not signed, is there a signed version?

6         MR. BERMAN:  Your Honor, I believe AUSA Ben

7  Weintraub submitted via e-mail an unsigned version to your

8  deputy and I believe I had signed the signed version on the

9  docket.

10        THE COURT:  That's fine.  I wanted to make sure

11 there was a signed version on the docket somewhere.  I

12 didn't go back and check the docket version.

13        Counsel, you have the element sheet?

14        MR. BERMAN:  Yes, your Honor.

15        MR. SOSHNICK:  Yes, I do, your Honor.

16        THE COURT:  Mr. Pham, what I'm going to do now

17 before we actually take -- I understand you intend to plead

18 guilty.  But before we do that, as a formal matter, I need

19 to apprise you of certain rights that you have as well as do

20 what's known as an arraignment which is basically letting

21 you know that the Government has filed charges against you

22 in a document called an information, okay?

23        So just so it remind you as of you've been told by

24 a previous judge, you have a constitutional right to remain

25 silent which means that you don't have to make a statement

1    at any time and you have the right to counsel which means

2    you have a right to have that lawyer represent you at all

3    stages of your case including today's proceedings.

4              Do you understand those rights?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Mr. Soshnick, does Mr. Pham -- has he

7    received a copy of the information that the Government has

8    filed?

9              MR. SOSHNICK:  Yes, your Honor.

10             THE COURT:  Does he wish to have a public reading

11   of the charges that are contained in the information?

12             MR. SOSHNICK:  No, that won't be necessary, your

13   Honor.

14             THE COURT:  So the Court notes that for

15   arraignment purposes Mr. Pham is waiving the right to a

16   public reading of the charges in the information.  And I

17   understand that he may want to enter a guilty plea later on

18   in today's proceedings, but just for arraignment purposes,

19   obviously, how does he plead to the information?

20             MR. SOSHNICK:  Your Honor, he does intend to plead

21   guilty.  If it's your policy to have a not guilty plea

22   entered initially until you go through the colloquy and the

23   defendant allocutes, then, for purposes of the arraignment,

24   at this time, subject to your approval, he pleads not

25   guilty.

1      THE COURT:  Let me make a couple things clear.

2  It's neither my policy, nor is it up to me, it's what the

3  Federal Rules of Criminal Procedure require that when

4  there's a new charging instrument that's placed before the

5  Court and before the defendant that an arraignment happens

6  and he's got to enter a plea.  I will not accept a guilty

7  plea without apprising him of all sorts of rights.  So, with

8  that, if you can confirm that for arraignment purposes he's

9  entering a not guilty plea I will enter that.

10      MR. SOSHNICK:  Thank you, your Honor.

11      THE COURT:  Mr. Pham, I understand from your

12 lawyer based on what he just said and what was told to the

13 Court before that despite what we just did, you intend to

14 plead guilty to the charges that are contained in the

15 information; is that correct?

16      THE DEFENDANT:  That's correct, your Honor.

17      THE COURT:  Okay.  This is a serious decision.

18 I'm to make sure that when -- and before I can enter a plea,

19 that I'm comfortable accepting your plea and you understand

20 what it means to plead guilty and what the consequences of

21 any guilty plea would be.  And so, I'm going to ask you some

22 questions and it's important that your answers to my

23 questions be made under oath.  So I'm going to have my

24 deputy, Mr. Manson, swear you in if you could kindly follow

25 his instructions.

1    COURTROOM DEPUTY:  Sir, can you please raise your

2    right hand.

3    Do you solemnly swear or affirm that the answers

4    and the testimony that you are about to give to the Court

5    will be the truth, the whole truth, and nothing but the

6    truth.

7    (Defendant sworn.)

8    THE DEFENDANT:  Yes.

9    COURTROOM DEPUTY:  You may have a seat.

10    THE COURT:  Mr. Pham, do you understand now that

11    you've been placed under oath that your answers to my

12    questions will be subject to the penalties of perjury or

13    making a false statement?

14    THE DEFENDANT:  Yes, I understand, your Honor.

15    THE COURT:  Just to be clear, what that means if I

16    ask you a question and you tell me a lie today, the

17    Government can prosecute for making a false statement and

18    use what you say today in such a case against you.

19    Do you understand that?

20    THE DEFENDANT:  I understand.

21    THE COURT:  And now, the first thing I want you to

22    understand before we proceed is that this is

23    Judge Dearcy Hall's case.  She is the district judge who

24    will sentence you and make the ultimate decision on whether

25    to accept your guilty plea.  If you wish, you have an

1    absolute right to plead and proceed before her and there is

2    no prejudice to you.  Alternatively, I will listen to your

3    plea today.  As you can see, we have a court reporter

4    present here today who is taking down today's proceedings.

5    As a result of that, there will be a transcript made of

6    today's proceedings.  Judge Dearcy Hall will review that

7    transcript and do so in connection with, and prior to, your

8    sentence.

9              Do you understand what I've explained?

10             THE DEFENDANT:  I understand.

11             THE COURT:  And so, do you wish to give up your

12   right to have Judge Dearcy Hall hear your plea and do you

13   wish to instead wish to proceed before me?

14             THE DEFENDANT:  I wish to proceed before you, yes.

15             THE COURT:  Are you making your decision to

16   proceed before me voluntarily and based upon your own free

17   will?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Has anyone threatened or forced you or

20   made promises to you that are causing you to proceeded to

21   today?

22             THE DEFENDANT:  No.

23             THE COURT:  I have what is Court Exhibit 1 which

24   is a consent form to have a plea taken before a

25   United States Magistrate Judge.

1          Mr. Pham, can you just confirm that this is your

2   signature on the document?

3          THE DEFENDANT:  Yes, your Honor, that's my

4   signature.

5          THE COURT:  Based upon Court Exhibit 1, which is a

6   written consent form that's signed by Mr. Pham, by his

7   lawyer, and by the Government as well as based upon the

8   answers to my questions, I find that his decision to proceed

9   before me is voluntary and of his own free will and

10  therefore I will proceed to take Mr. Pham's plea.

11         Mr. Pham, before I accept any plea that you make,

12  I'm going to ask you some questions about you and your

13  background to make sure that it's okay to proceed today.  If

14  you don't understand any of my questions, let me know and

15  I'll rephrase them, okay?

16         THE DEFENDANT:  Okay.

17         THE COURT:  Sir, what's your full name?

18         THE DEFENDANT:  First name is Long, L-o-n-g.

19  Middle name Phi, P-h-i.  Last name is Pham, P-h-a-m.

20         THE COURT:  How old are you.

21         THE DEFENDANT:  I'm 36, your Honor.

22         THE COURT:  How far did you get in school?

23         THE DEFENDANT:  I finished high school and roughly

24  two years of college.

25         THE COURT:  And just to confirm, you have no

1    trouble speaking or understanding English; correct?

2              THE DEFENDANT:  Correct.

3              THE COURT:  And are you currently under the care

4    of a doctor or psychiatrist far any reason.

5              THE DEFENDANT:  No, your Honor.

6              THE COURT:  In the last 24 hours, have you had any

7    drugs or medicine or pills?

8              THE DEFENDANT:  No.

9              THE COURT:  Have you had any alcoholic beverages?

10             THE DEFENDANT:  No.

11             THE COURT:  Have you ever been hospitalized or

12   treated for any drug addiction or alcoholism?

13             THE DEFENDANT:  No.

14             THE COURT:  Have you ever been hospitalized or

15   treated for any mental or emotional health condition?

16             THE DEFENDANT:  No.

17             THE COURT:  Is your mind clear today?

18             THE DEFENDANT:  Very clear, your Honor.

19             THE COURT:  Do you understand what's going on?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Mr. Pham, as I mentioned before, as

22   someone who has been charged in a federal criminal case, you

23   have a right to a lawyer.  And you have a right to have that

24   lawyer represent you from stage of your case.  From the time

25   you are arrested and charged until however your case may end

1  including any trial, any sentencing, and even any appeal.

2  If you couldn't afford a lawyer, the Court would appoint one

3  to represent you.

4          Do you understand what I've explained?

5          THE DEFENDANT:  I understand.

6          THE COURT:  And is Mr. Soshnick your attorney?

7          THE DEFENDANT:  Mr. Soshnick is my attorney, yes.

8          THE COURT:  If, at any time today, you want to

9  consult with him because you have a question, you need

10 reassurance, for an reason at all, let me know and I'll

11 permit you to consult with him, okay?

12         THE DEFENDANT:  Thank you, your Honor.

13         THE COURT:  Have you had any difficulty

14 communicating with him?

15         THE DEFENDANT:  With Mr. Soshnick?

16         THE COURT:  Yes.

17         THE DEFENDANT:  No.

18         THE COURT:  Have you had enough time to discuss

19 with him your decision to enter a guilty plea today?

20         THE DEFENDANT:  I've had enough time.

21         THE COURT:  Are you fully satisfied with the

22 representation and advice that he's provided to you?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Counsel, have you discussed this

25 matter and decision to enter a guilty plea with your client?

1          MR. SOSHNICK:  Yes, your Honor.

2          THE COURT:  Have you had any difficulty in

3   communicating with him?

4          MR. SOSHNICK:  None whatsoever.

5          THE COURT:  Are you fully satisfied that he

6   understands the rights he would be waiving if he entered a

7   guilty plea today?

8          MR. SOSHNICK:  Yes, I am, your Honor.

9          THE COURT:  And do you believe that he's capable

10  of understanding today's proceedings?

11         MR. SOSHNICK:  Yes, I am.

12         THE COURT:  Do you have any doubt at all about his

13  competence to enter a guilty plea today?

14         MR. SOSHNICK:  None whatsoever.

15         THE COURT:  Have you advised him of the maximum

16  and minimum sentence and fine that could be imposed upon him

17  if he entered a guilty plea today.

18         MR. SOSHNICK:  Yes, your Honor.

19         THE COURT:  Have you discussed with him the

20  federal sentencing guidelines and how those guidelines might

21  affect his case?

22         MR. SOSHNICK:  Yes, your Honor.

23         THE COURT:  Mr. Pham, I mentioned to you and

24  discussed with your lawyer the fact that the Government is

25  proceeding against you through a document called an

1    information, okay?  The information is a document they filed

2    with the Court which charges you with a serious crime; in

3    fact, a federal felony.

4            Now, the Government typically cannot come to court

5    and simply file a charge against someone unless you agree to

6    it and what do I mean by that?

7            Under the U.S. Constitution, you have the right to

8    have evidence present presented to what's known as a grand

9    jury.  The grand jury is made up of at least 16 people but

10   no more than 23 people.  And you have the right to have a

11   grand jury determine whether or not there's probable cause

12   or basically a certain probability to conclude that you've

13   committed the crime crimes they want to charge you with,

14   okay?

15           To get what's known as an indictment, the

16   Government has to persuade a majority of grand jury members

17   that there's probable cause, or there's probability, to

18   believe that you've committed the crime or offense that they

19   want to charge you with.  If the grand jury finds that

20   there's probable cause, they return what's known as an

21   indictment.  If the grand jury doesn't find probable cause,

22   no charges are brought against you.

23           So when somebody waives indictment, what you're

24   doing is you're giving up your right to have a grand jury

25   make that initial determination about probable cause and

1  you're saying it's okay if the Government comes to court and

2  simply files a charge against you directly like they did in

3  this case with respect to the information.

4       Do you understand what I've explained to you?

5       THE DEFENDANT:  I understand.

6       THE COURT:  Have you discussed with your lawyer

7  what it means to waive your right to indictment by a grand

8  jury?

9       THE DEFENDANT:  Yes.

10      THE COURT:  And do you understand that you have a

11 right to have evidence presented to a grand jury and have an

12 indictment returned by a grand jury?

13      THE DEFENDANT:  Yes, I understand.

14      THE COURT:  Counsel, are you satisfied your client

15 understands what it means to waive indictment?

16      MR. SOSHNICK:  Yes, I am, your Honor.

17      THE COURT:  Do you know of any reason that he

18 should not waive indictment?

19      MR. SOSHNICK:  I have no reason why he shouldn't

20 waive indictment.

21      THE COURT:  Mr. Pham, are you prepared to waive

22 your right to have a grand jury determine whether there's

23 probable cause?

24      THE DEFENDANT:  Yes.

25      THE COURT:  And has anyone threatened or forced

1   you to waive your right to be indicted by a grand jury?

2            THE DEFENDANT:  No, your Honor.

3            THE COURT:  And so, you wish to waive your right?

4            THE DEFENDANT:  I wish to waive my rights, yes.

5            THE COURT:  I have a waiver of indictment form

6   that bears the same signature as the other document that's

7   Court Exhibit 2.  And I note that it's signed by Mr. Pham.

8   I also note it's signed by his lawyer.  And because of the

9   answers to the questions I just asked, I'm finding that

10  Mr. Pham's waiver of indictment is knowing and voluntary

11  and, therefore, I'll proceed to sign the waiver of

12  indictment form.

13           Mr. Pham, did you have an opportunity to discuss

14  the information and discuss it with your lawyer?

15           THE DEFENDANT:  I have, your Honor.

16           THE COURT:  And do you believe that you understand

17  what the Government charged you with in the information?

18           THE DEFENDANT:  Yes, I understand.

19           THE COURT:  I'm going to go over the charge just

20  to make sure we're on the same page and have the same

21  understanding of what the Government has charged you with,

22  okay?

23           THE DEFENDANT:  Yes.

24           THE COURT:  They've charged you with a federal

25  felony which is has a short title "Wire Fraud Conspiracy."

1  A conspiracy is an illegal agreement, okay?  And the

2  Government has charged or alleged that between January 2024

3  and March 2024, you entered in an illegal agreement.  And

4  you entered into an illegal agreement knowing what you were

5  doing and with an intent to join that agreement.  And the

6  agreement is illegal because it had an illegal objective.

7          What is the Government charging?  The Government

8  says that the illegal objective was to defraud certain

9  entities which are referred to as "sports betting entities"

10 and to obtain money or property from them using false

11 statements, promises, and that the objective was to use what

12 are known as "wires" which are -- it could be e-mail, it

13 could be telephone, cell phone, to achieve that illegal

14 objective.  In other words, the Government's charging you

15 with joining an illegal agreement to obtain money or

16 property using false statements and using the wires or

17 interstate wires.

18         Do you understand what the Government has charged

19 you with?

20         THE DEFENDANT:  I understand.

21         THE COURT:  I understand you wish to plead guilty.

22 One of the things that I'm telling you is that when you

23 plead guilty, you are giving up your right to have a jury

24 determine your guilt, okay?

25         So you understand what it means to give up your

1  right to have a jury determine your guilt, okay?

2         THE DEFENDANT:  I understand.

3         THE COURT:  So that you fully understand, I'm

4  going to actually tell you what the Government would have to

5  show at a trial against you in order for the jury to return

6  a guilty verdict on this charge of wire fraud conspiracy.

7  So that when you waive your right to a jury trial, you

8  understand what you're actually waiving, okay?

9         At a jury trial, the Government bears the burden

10 of proof.  They have to prove your guilt beyond a reasonable

11 doubt, you don't have to prove your innocence.  And in order

12 for the Government to get the jury to return a guilty

13 verdict against you on wire fraud conspiracy, they have to

14 prove certain things.  Those things are called "Elements of

15 the Offense."  Okay?

16        What would the Government have to prove in order

17 for the jury to return a guilty verdict against you?  They

18 have to prove that two or more people formed an unlawful

19 agreement.  The objective of that unlawful agreement was to

20 commit wire fraud, in other words, it was an illegal

21 objective.  And they'd have to prove that you knowingly and

22 intentionally became a member of that conspiracy or

23 agreement, okay?  And to be clear, the objective has to be

24 illegal.  And here, the alleged illegal objective was wire

25 frayed.

1     What's wire fraud?  Wire fraud is a scheme to

2 obtain money or property using false statements or promises

3 or representations.  And because it's wire fraud, it

4 involves the use of interstate wires which are basically any

5 form of communication that crosses states lines such as

6 e-mail or telephone or cell phone.

7     So the Government has to show there was an illegal

8 formed by two or more people.  That you joined that illegal

9 agreement.  And here, the illegal objective was wire fraud

10 which is a scheme to defraud people to obtain money or

11 property through the use of false representations and it

12 involves the use of wires.

13     Do you understand that the Government would have

14 to show those things in order for the jury to return a

15 guilty verdict against you?

16     THE DEFENDANT:  I understand.

17     THE COURT:  Does the Government believe I

18 correctly summarized charge and the elements?

19     MR. BERMAN:  Yes, your Honor.

20     THE COURT:  Counsel, do you agree?

21     MR. SOSHNICK:  Yes, your Honor.

22     THE COURT:  Mr. Pham, I'm going to explain to you

23 what rights you'd be giving up if you enter a guilty plea

24 today.  You recall a few minutes ago we went through what

25 seemed like this formal exercise of your lawyer entering a

1   not guilty plea on your behalf; do you recall that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  The reason we go through that is

4   because you have an absolute right to to plead not guilty.

5              Do you understand that?

6              THE DEFENDANT:  I understand.

7              THE COURT:  It means that you have a choice.  It's

8   up to you to decide what to do, not your lawyer, not anyone

9   else.  You can withdraw this not guilty plea that was

10  entered a few minutes ago and simply go to trial.  Sorry.

11  You can withdraw your not guilty plea and enter a plea of

12  guilty as I understand you wish to do, or you can just keep

13  a not guilty plea and proceed to trial.

14             Do you understand that?

15             THE DEFENDANT:  I understand.

16             THE COURT:  By pleading not guilty, and if you

17  kept your not guilty plea, okay, and proceeded to trial, you

18  have the right under the constitution and laws of the

19  United States to what's known as a "speedy and public trial"

20  and that's before a jury.  And, at that trial, you'd have

21  the assistance of your lawyer and the trial would be about

22  the charges either in the information or any other charging

23  document that the Government uses.

24             Do you understand that?

25             THE DEFENDANT:  I understand.

1          THE COURT:  Now, at a trial, you would be presumed

2   innocent, you wouldn't have to prove your innocence.  And

3   that's because under our legal system, it's the Government

4   that bears the burden of proof.  They have to prove

5   someone's guilt beyond a reasonable doubt.  And they've got

6   to prove those things up we just went over for the jury to

7   return a guilty verdict against you.

8          Do you understand that?

9          THE DEFENDANT:  I understand.

10          THE COURT:  If, at a trial, the Government failed

11   to meet its burden of proof, if it failed to prove your

12   guilt beyond a reasonable doubt, a jury is required to find

13   you not guilty.

14          Do you understand that?

15          THE DEFENDANT:  I understand.

16          THE COURT:  Now, if you did decide to proceed to a

17   trial, witnesses for the Government would have to come to

18   court and testify in your presence in front of you.  Your

19   lawyer would have the right to cross-examine those

20   witnesses, to offer evidence on your behalf, to offer

21   argument on your behalf.

22          Do you understand that?

23          THE DEFENDANT:  I understand.

24          THE COURT:  Your lawyer would also have the

25   ability to subpoena or compel or basically force witnesses

1   to come to court to testify in your case.

2              Do you understand that?

3              THE DEFENDANT:  I understand.

4              THE COURT:  Also, if you had a trial, if you

5   wanted to testify in your own case on your own behalf, you

6   could do that.  On the other hand, you could not be forced

7   to testify in your own case if you didn't want to.

8              Under the constitution and laws of the

9   United States, no person can be forced to be a witness

10  against himself or herself.  So if you had a trial in this

11  case, in your case, and you chose not to testify,

12  Judge Dearcy Hall would be required by law to instruct the

13  jury that they couldn't hold that fact.  They couldn't hold

14  your decision not to testify against you in determining

15  whether the Government had met its burden of proving your

16  guilt.

17             Do you understand that?

18             THE DEFENDANT:  I understand.

19             THE COURT:  If instead of going to trial, you

20  plead guilty today, and if Judge Dearcy Hall accepts your

21  guilty plea, you're giving up your constitutional right to

22  trial and each of the of the other things that I just

23  mentioned to you that are accompany your trial rights.

24  There simply will not be a trial in your case, the Court

25  will enter a judgment of guilty based upon what you say

1  today.

2          Do you understand that?

3          THE DEFENDANT:  I understand.

4          THE COURT:  If you do decide to plead guilty, I

5  have to ask you questions about what you did in order to

6  satisfy myself and Judge Dearcy Hall that you are, in fact,

7  guilty of a crime and that you are, in fact, guilty of a

8  crime the Government has charged you with.  What that means

9  is you have to answer my questions, you have to acknowledge

10  your guilt.  And it also means that you are giving up your

11  right not to be a witness against yourself, not to testify

12  against yourself.

13          Do you understand that?

14          THE DEFENDANT:  I understand.

15          THE COURT:  Also, if you plead guilty today, and

16  you admit to criminal conduct, and you admit to committing a

17  crime, and Judge Dearcy Hall accepts your plea, you cannot

18  appeal to a higher court about whether or not you committed

19  that crime or not.  That will be over by your guilty plea.

20          Do you understand that?

21          THE DEFENDANT:  I understand.

22          THE COURT:  Are you willing to give up your right

23  to trial and each of the other rights that I just mentioned?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  I have an agreement between Mr. Pham

1    and the Government that's marked as Court Exhibit 3.

2            Mr. Pham, I also note that the agreement is signed

3    by the Government.  His lawyer signed by -- and Mr. Pham as

4    well.

5            Mr. Pham, did you read this agreement carefully?

6            THE DEFENDANT:  I have, your Honor.

7            THE COURT:  You discussed it with your lawyer?

8            THE DEFENDANT:  I have.

9            THE COURT:  You believe you understand it?

10           THE DEFENDANT:  Yes.

11           THE COURT:  The Government represents that Court

12   Exhibit 3 is the entirety of the understanding it's reached

13   with Mr. Pham?

14           MR. BERMAN:  Yes, your Honor.

15           THE COURT:  And, Counsel, do you agree that Court

16   Exhibit 3 represents the entirety of the understanding that

17   the Government has reached with your client?

18           MR. SOSHNICK:  Yes, I do, your Honor.

19           THE COURT:  Mr. Pham, when you were reading it,

20   was there any particular provision that was not clear to you

21   or that you needed explained in further detail?

22           THE DEFENDANT:  No, your Honor.

23           THE COURT:  And outside of the promises that are

24   contained in this agreement, did anyone make any other

25   promises that are causing you to plead guilty today?

1    THE DEFENDANT:  No, your Honor.

2    THE COURT:  There are certain provisions of this

3 that I'm required to go over with you that I'm going to go

4 over with you now.

5    Do you have a copy, by the way?

6    MR. SOSHNICK:  Yes, your Honor.

7    MS. FARRELL:  I have an extra.

8    THE COURT:  Mr. Pham, I'm going to explain to you

9 what the minimum and maximum sentence and fine that can be

10 imposed upon you for conspiracy to commit wire fraud, okay?

11    There's a minimum term of imprisonment of zero

12 years and a maximum term of imprisonment of 20 years, okay?

13    What happens after someone finishes their term in

14 a federal prison, their term of imprisonment.  They are

15 subject to the supervision of the probation department,

16 okay?  The probation department monitors their compliance

17 with certain conditions that the Court imposes.  Conditions

18 like don't commit another crime, for example.  That period

19 of time when you are under the supervision of the probation

20 department is called supervised release.  How long could you

21 be put on supervised release?  A maximum of three years to

22 follow any prison term that you're subject to.

23    What happens if you violate a condition that the

24 probation department is monitoring?  You could actually be

25 subject to additional time in prison.  How much additional

1   time?  A maximum of two years.

2           Do you understand that?

3           THE DEFENDANT:  I understand.

4           THE COURT:  You're also subject to a maximum fine

5   for this offense which is the greater of $250,000 or twice

6   the gross gain or gross loss.

7           Do you understand that?

8           THE DEFENDANT:  I understand.

9           THE COURT:  You're also subject to, on the next

10  page, what's known as restitution.  Restitution is payments

11  to victims of your offense and that's in an amount that the

12  Court will determine at your sentencing.

13          You're also subject to forfeiture which means you

14  are giving up your rights to property, money, or things that

15  the Government believes are unlawful proceeds involved or

16  things involved in your criminal conduct.  And you're

17  required to pay a hundred dollar special assessment.

18          Do you understand that?

19          THE DEFENDANT:  I understand that.

20          THE COURT:  Do you see Paragraph 3 which runs from

21  Page 2 to the top of Page 5?

22          THE DEFENDANT:  Yes.

23          THE COURT:  This paragraph describes conduct

24  related to several different frauds, specifically, the ███

25  ████████████████████████████████████████████████████

1

2

3          Do you see that?

4          THE DEFENDANT:  I see it.

5          THE COURT:  This agreement says that you are

6   stipulating, which means that you are agreeing, that you

7   engaged in the conduct related to each of these frauds.  And

8   furthermore, the Court, meaning, Judge Dearcy Hall can

9   consider that conduct.  In other words, your agreement that

10  you committed these frauds in connection with your

11  sentencing.

12         Do you understand that?

13         THE DEFENDANT:  I understand.

14         THE COURT:  And that is conduct that is separate

15  and apart from the conduct that you are pleading guilty to.

16         Do you understand that?

17         THE DEFENDANT:  I understand.

18         THE COURT:  In addition, this paragraph provides

19  that you are agreeing to pay restitution, in other words,

20  make payments to victims of these frauds in addition to any

21  restitution that is required to victims for the offense that

22  you are pleading guilty to.

23         Do you understand that?

24         THE DEFENDANT:  I understand that.

25         THE COURT:  Paragraph 4 is what's known as an

1   appellate waiver, okay?  I'm going to read it to you and

2   then explain it to to you.  It says, "The defendant," that's

3   you, "agrees not to file an appeal or otherwise challenge

4   the conviction or sentence in the event the Court imposes a

5   term of imprisonment at or below 57 months."

6           That says, and what that means, is that you're

7   agreeing that if Judge Dearcy Hall gives you a sentence of

8   imprisonment of 57 months or less, you are not going to

9   appeal either your conviction or your sentence or challenge

10  your conviction or your sentence.

11          Do you understand that?

12          THE DEFENDANT:  I understand.

13          THE COURT:  Paragraph 7, which is on Page 7, this

14  is one of the penalties that I mentioned before.

15  Forfeiture, and it says that you are consenting to the entry

16  a forfeiture money judgment in an amount of $393,136.62.

17          Do you see that?

18          THE DEFENDANT:  I see it, your Honor.

19          THE COURT:  Do you understand that you're agreeing

20  to have this forfeiture judgment entered and that you're

21  required to cooperate with the Government in trying to

22  recover those funds?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Do you also understand, sir, that you

25  have certain obligations, which are all throughout this

1  agreement, that things that you have to do under this

2  agreement?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Do you understand that if you don't do

5  those things, you're still going to be bound by a guilty

6  plea?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Any other provision the Government

9  wishes me to go over with Mr. Pham?

10             MR. BERMAN:  No, your Honor.

11             THE COURT:  Counsel?

12             MR. SOSHNICK:  No.  Thank you, your Honor.

13             THE COURT:  Mr. Pham, I'm going to discuss with

14  you now how Judge Dearcy Hall will determine your sentence.

15             As a first step, she's going to consider what are

16  known as "the advisory federal sentencing guidelines."

17  Those guidelines are issued by a federal agency known as the

18  United States Sentencing Commission and they'll help her

19  determine what a reasonable sentence is in your case.

20             What do I mean by "the guidelines" and "advisory"?

21  What do those things mean?  The guidelines are applied to a

22  person and their conduct, okay?  When they're applied, they

23  result in a guideline sentencing range, a term of

24  imprisonment, from A to B.  That's what it means when the

25  guidelines are applied to someone's case.

1    They're advisory because Judge Dearcy Hall is not

2  required to give you a sentence in that range, in that

3  A-to-B range.  They're not mandatory but because they're

4  advisory, they're an important part of sentencing and she's,

5  in fact, required to figure out what your guidelines range

6  is and she'll consider that range in deciding what sentence

7  to ultimately impose upon you.

8    Do you understand what I've just explained?

9    THE DEFENDANT:  Yes.

10    THE COURT:  And have you discussed the sentencing

11  guidelines with your lawyer and how they're calculated and

12  how they might affect your case?

13    THE DEFENDANT:  I have, your Honor.

14    THE COURT:  Now, Judge Dearcy Hall also has to

15  determine whether there are any factors that would allow her

16  to depart or vary from the advisory guidelines either

17  upwardly or downwardly, in other words, impose a sentence

18  more severe from that range or less severe than that range.

19    In addition, there's a federal sentencing law,

20  okay, that requires a sentencing judge to consider certain

21  factors in determining someone's sentence.

22    What are those factors?  Those are things like

23  your characteristics your background; the facts and

24  circumstances of your offense; what the nature of the crime

25  is; what you did; what was your involvement.  And it may

1   that what's known as a non-guideline sentence is

2   appropriate.

3            The reason I tell you all of this is that until

4   the actual date of sentencing, until your sentence is

5   actually imposed, you can't know with certainty what the

6   guidelines will be or whether there'll be grounds to depart

7   upwardly or downwardly or whether the Court will simply

8   impose a non-guideline sentence entirely.

9            Do you understand what I've just explained?

10           THE DEFENDANT:  I understand.

11           THE COURT:  Your sentencing date is currently at

12  the time for April 25th of 2025 at 12:00 o'clock, okay?  If

13  the parties need a different date she should conduct Judge

14  Dearcy Hall.

15           Prior to that date, you're actually going to be

16  interviewed by the probation department.  The probation

17  department is going to issue what's known as a presentence

18  investigation report.  That report is going to give and lay

19  out certain facts, okay, who you are, your background, what

20  you did.  And you'll have an opportunity to challenge any of

21  the facts or things found by the probation department.  You

22  can challenge them after talking and discussing the report

23  with your lawyer.  It will also recommend to Judge Dearcy

24  Hall a guideline range.

25           Do you understand what I've explained about this

1  report?

2          THE DEFENDANT:  I understand.

3          THE COURT:  Now, despite what I've said, it's

4  important for you to know now what the potential guideline

5  sentence and range is based upon the facts that are known

6  now.  This is because it's an estimate, it's essentially a

7  guess and an estimate or a guess can be wrong.

8          Do you understand that?

9          THE DEFENDANT:  I understand.

10          THE COURT:  What's the Government's estimate of

11  the guideline range?

12          MR. BERMAN:  Your Honor, the Government's estimate

13  of the top of the guidelines range, the background, and that

14  Mr. Pham is Criminal History Category I is that with,

15  assuming three points of acceptance of responsibility,

16  Mr. Pham would be in adjusted offense level of 22 with a

17  guidelines range of 41 to 51 months in custody.

18          THE COURT:  So, Mr. Pham, the Government has

19  estimated that your guideline range is 41 to 51 months in

20  prison.

21          Do you understand, actually, that this estimate is

22  actually that they just gave me it's not binding on the

23  Government or the probation department or most importantly

24  Judge Dearcy Hall.

25          Do you understand that?

1          THE DEFENDANT:  I understand.

2          THE COURT:  Do you understand -- the reason I say

3   that is the Government's estimate that they just gave you is

4   wrong, you're still bound by your guilty plea if you enter

5   one today.

6          THE DEFENDANT:  Yes.

7          THE COURT:  Counsel, have you given -- I don't

8   need to know what it is, but have you given an estimate of

9   the guideline range to your client.

10          MR. SOSHNICK:  Yes, I have, your Honor.

11          THE COURT:  Mr. Pham, do you understand that if

12   your lawyer's estimate of the guideline range is wrong,

13   you're still bound by your guilty plea?

14          THE DEFENDANT:  Yes, I understand.

15          THE COURT:  The reason I say all of this is that

16   Judge Dearcy Hall is actually not bound by anything in this

17   agreement or what the Government says the guideline range is

18   or your lawyer says the guideline range is.  She is going to

19   sentence you based upon her interpretation and her

20   application of the guidelines based on what her

21   understanding of what the law is.  And although the

22   guidelines are an important factor, they're an advisory

23   factor, in determining what your sentence should be, she

24   actually has the authority to depart upwardly, give you a

25   more severe sentence, or depart downwardly, give you a less

1  severe sentence or give you a non-guidelines sentence

2  entirely.

3          Do you understand?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Under the federal guidelines

6  sentencing system now, there is no parole board or parole

7  commission.  What that means, practically speaking, is

8  whatever sentence you receive for imprisonment from

9  Judge Dearcy Hall, that's going to come pretty close to the

10 amount of time you would spend in federal prison and you

11 don't have an opportunity to appeal to what's known as a

12 parole board or parole commission because for individuals

13 sentenced now in the federal system, there is no such as a

14 parole board or parole commission.

15         Do you understand?

16         THE DEFENDANT:  I understand.

17         THE COURT:  Do you have any questions for me about

18 what you're charged with, what your rights are, or anything

19 else that I've explained that may not be clear?

20         THE DEFENDANT:  No, your Honor.

21         THE COURT:  Are you ready to plead, sir?

22         THE DEFENDANT:  Yes, I am.

23         THE COURT:  Counsel, do you know any reason why

24 your client should not enter a guilty plea today?

25         MR. SOSHNICK:  No, your Honor.

1    THE COURT:  Are you aware of any complete legal

2    defense to the charge that would prevail at a trial?

3    MR. SOSHNICK:  No, your Honor.

4    THE COURT:  Mr. Pham, how do you plead to the

5    single count in the information which charges you with wire

6    fraud conspiracy, guilty or not guilty?

7    THE DEFENDANT:  Guilty.

8    THE COURT:  And are you making this guilty plea

9    voluntarily and of your own free will?

10   THE DEFENDANT:  Yes, it is.

11   THE COURT:  And has anyone threatened you or

12   forced you to pressured you to plead guilty today?

13   THE DEFENDANT:  No.

14   THE COURT:  Outside of that agreement that we went

15   over, did anyone make you any other promises that are

16   causing you to plead guilty today?

17   THE DEFENDANT:  No.

18   THE COURT:  Has anyone promised you what sentence

19   you'll receive from Judge Dearcy Hall if you pled guilty?

20   THE DEFENDANT:  No.

21   THE COURT:  Can you tell me in your own words what

22   you did that leads you to believe that you are guilty of

23   this crime?  And if you're reading a statement, that's fine.

24   Just read it slowly so that the Court reporter can capture

25   it and can I can take down notes.

1    THE DEFENDANT:  Your Honor, between on or about

2  January 2024 and on or about March 2024, I agreed with

3  others to cause bets to be placed with sports books based on

4  inside information.  Two of these bets were made with

5  knowledge that Jontay Porter of the Toronto Raptors would

6  exit these games early make it more probable that he would

7  underperform relative to the lines set by the sports books.

8         It was with the intent of the conspiracy to obtain

9  money from the sports books by winning the bets that were

10  placed based upon inside information.  My co-conspirators

11  and I planned the scheme through a series of telephone calls

12  and text messages in advance of games.  I was physically

13  present in the Eastern District of New York while

14  participating in the planning of the scheme.

15         THE COURT:  When you took these actions that you

16  just -- well, first of all, you just read a statement out

17  loud.  Did you, in fact, do all the things you said you did?

18         THE DEFENDANT:  I did, your Honor.

19         THE COURT:  And when you took each of these steps

20  or did all of the things that you just described, did you

21  know what you were doing?

22         THE DEFENDANT:  I did.

23         THE COURT:  Was it your intent to join into an

24  illegal agreement when you took these steps?

25         THE DEFENDANT:  It was, your Honor.

1      THE COURT:  The Government believe that the

2   factual allocution is sufficient?

3      MR. BERMAN:  Your Honor, the Government would add

4   that it would proffer that at trial --

5      THE COURT:  That was going to be my next question.

6      Before that, do you want me to ask any follow-up

7   questions of Mr. Pham?

8      MR. BERMAN:  Not at this time, your Honor.

9      THE COURT:  So, just so the record is clear, does

10  the Government want to put anything on the record about what

11  it would be able to prove at trial if this offense against

12  Mr. Pham went to trial?

13     MR. BERMAN:  Yes, your Honor.

14     In addition to what Mr. Pham just allocuted to,

15  among other things, the Government would prove at trial that

16  Mr. Pham and his co-conspirators violated, knowingly

17  violated, the terms of use of the betting companies

18  identified in the information which prohibited, among other

19  things, in sum and substance, betting on inside information.

20     THE COURT:  Based on the information that's been

21  given to me, meaning, the answers to my questions as well as

22  what the Government has stated, I find that Mr. Pham's

23  actions today, in entering a guilty plea, are voluntary.

24  That he fully understands the charge against him, his

25  rights, and the consequences of his plea and that there's a

1  factual basis for his plea.  And, therefore, it's my

2  recommendation to Judge Dearcy Hall that she accept

3  Mr. Pham's guilty plea to the single count of the

4  information charging wire fraud conspiracy.

5          I've informed you about the sentencing date.

6  What's the Government's position on bail.

7          MR. BERMAN:  Your Honor, the Government and

8  defense have conferred.  The existing bail conditions, the

9  parties are satisfied with.

10          THE COURT:  Counsel, do you agree?

11          MR. SOSHNICK:  Yes.

12          THE COURT:  Mr. Pham, before today, you were out

13  on bail and after today, you're still going to be out on

14  bail.  And you were subject to certain conditions of your

15  bail that were previously explained to you.

16          Do you understand that those conditions continue

17  to apply moving forward until your sentencing?

18          THE DEFENDANT:  I do, your Honor.

19          THE COURT:  And do you understand -- you were

20  previously informed of the consequences of violating any of

21  those conditions or not reporting to the Court, those

22  consequences continue.

23          Do you understand?  Do you have any questions

24  about any of that.

25          THE DEFENDANT:  I have no questions, your Honor.

1          THE COURT:  The other thing is because you have

2   now entered a guilty plea, and it's been my recommendation

3   to Judge Dearcy Hall that she accept your plea, if you were

4   to violate your bail condition or engage in conduct in

5   violation of your bail conditions, she could take that into

6   account in determining your sentence on this offense.

7          Do you understand that?

8          THE DEFENDANT:  I understand.

9          THE COURT:  Do you have any questions for me?

10         THE DEFENDANT:  I have no questions, your Honor.

11         THE COURT:  Anything else from the Government?

12         MR. BERMAN:  No, your Honor.

13         THE COURT:  Anything else from the defense?

14         MR. SOSHNICK:  Nothing further.  Thank you very

15  much, your Honor.

16         THE COURT:  I wish you all good health.  Have a

17  nice day.

18         MS. FARRELL:  Thank you, your Honor.
           (WHEREUPON, this matter was adjourned.)
19
                          *   *   *
20
                  <u>CERTIFICATE OF REPORTER</u>
21  I certify that the foregoing is a correct transcript of the
    record of proceedings in the above-entitled matter.
22

23

         *Anthony D. Frisolone*
_____
25   Anthony D. Frisolone, FAPR, RDR, CRR, CRI
     Official Court Reporter

# Exhibit B

F. # 2024R00288

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

      - against -

LONG PHI PHAM,

               Defendant.

– – – – – – – – – – – – – – – – –X

[PROPOSED]
ORDER ACCEPTING
GUILTY PLEA

No. 24-CR-359 (LDH)

      Upon a review of the transcript of the guilty plea of the defendant LONG

PHI PHAM, offered on October 2, 2024, before the Honorable Sanket J. Bulsara, United States

Magistrate Judge, in the above-captioned matter, this Court finds that the defendant pleaded guilty

knowingly and voluntarily, and that a factual basis supports the defendant's plea.

      IT IS HEREBY ORDERED that the guilty plea of the defendant, offered on

October 2, 2024, before Judge Bulsara is accepted.

Dated: Brooklyn, New York
           _____, 2024

                          _____
                          THE HONORABLE LASHANN DEARCY HALL
                          UNITED STATES DISTRICT JUDGE
                          EASTERN DISTRICT OF NEW YORK