Michael L. Soshnick
*Attorney at Law*
170 Old Country Road
Suite 307
Mineola, New York 11501

Michael L. Soshnick

Of Counsel
John Lawrence
Eric P. DeBarba

Tel: 516-294-1111
Fax: 516-294-5465
msoshnick@soshnicklaw.com

November 11, 2026

***VIA EMAIL***
Kristy R. Eagan, Esq.
THE WILLIS LAW GROUP, PLLC
1985 Forest Lane
Garland, Texas 75042

**Re:** ***Greater New York Mutual Insurance Company, et al. v. Subin Associates, LLP, et al.***
**Case No. 1:26-cv-00470 (CBA) (VMS) (E.D.N.Y.)**
**Demand for Withdrawal of Unsupported Allegations Against Jorge Lupi in the First Amended Complaint (ECF No. 268)**

Dear Counsel:

This office represents Defendant Jorge Lupi a/k/a Jorge A. Gonzalez-Lupi ("Mr. Lupi") in the above-referenced action. I write regarding specific allegations in Plaintiffs' First Amended Complaint, filed July 13, 2026 (ECF No. 268) (the "FAC"), that are directed at Mr. Lupi and that lack any factual basis, misstate the record on which they purport to rely, or are framed so as to create an impression that Plaintiffs know, or on reasonable inquiry would know, to be false. Each of the paragraphs addressed below was signed and filed subject to the certifications of Rule 11(b) of the Federal Rules of Civil Procedure. We ask that Plaintiffs withdraw them.

The FAC runs 348 pages and 1,326 paragraphs. Its length is not a substitute for factual content. As to Mr. Lupi, the pleading repeatedly asserts conclusions "on information and belief," supported by a footnote (FAC n.2) stating that such allegations rest on facts "peculiarly within the possession and control of Defendants." That formulation does not relieve Plaintiffs of the obligation to plead the facts that make the belief plausible, and it cannot be invoked where, as here, the matters alleged are either public record or non-existent. We address specific paragraphs in turn.

**1. Paragraph 30 — Alleged WhatsApp Communications Between Eric Subin and Mr. Lupi**

Paragraph 30 alleges that Eric Subin acted "as the primary liaison between and amongst members of the enterprise and in particular Lupi (as defined herein), through WhatsApp messaging." Nowhere in the FAC is a single WhatsApp message between Mr. Subin and Mr. Lupi identified, quoted, dated, described, or attached. The FAC does not allege how Plaintiffs came to know of the existence of any such messages, and the allegation is not even qualified as being made on information and belief. Mr. Lupi denies that he communicated with Mr. Subin regarding the matters alleged in the FAC via WhatsApp. If Plaintiffs possess any such message, we ask that it be identified by date and content. If they do not, the allegation must be withdrawn.

**2. Paragraph 194 — Alleged 2012 Relationship Between the Subin Firm and Mr. Lupi**

Paragraph 194 alleges that "[a]ccording to court filings, Subin Firm's relationship with Lupi dates back to at least January 2012." No court filing is cited. The only 2012 event referenced anywhere in the FAC is the De Jesus matter described at paragraph 274, which, as discussed below, identifies no one other than a person "known as 'Jorge.'" An allegation that attributes a factual assertion to "court filings" without identifying any is no fact at all. Plaintiffs should either identify the filing on which paragraph 194 relies or withdraw it.

**3. Paragraph 196 — Material Omissions Rendering the Paragraph Misleading**

Paragraph 196 reads, in its entirety: "Lupi, a convicted felon, was recently deported by the United State[s] government to Venezuela and intends to further relocate to Spain. The subject line of the email from the FBI was as follows: 'Jorge Lupi Indictment and Plea Agreement Runner and Litigation Funder.'" This paragraph is misleading in several respects, each the product of information Plaintiffs possessed and chose to omit, and is actionable even within a pleading.

First, the sole authority cited for the characterization "convicted felon" is United States v. Lupi, No. 1:00-cr-00300 (N.D.N.Y.) (FAC n.7). As the docket number discloses, that matter was commenced in the year 2000, more than a quarter century ago and more than a decade before the earliest conduct alleged in the FAC. The FAC omits the date of the conviction, the nature of the offense, and the fact that it bears no relation to claimant referrals, litigation funding, personal injury litigation, or any insurer.

Second, the paragraph then quotes "the subject line of the email from the FBI" without identifying the sender, the recipient, the date, the context in which it was sent, or a single word of its contents, and without alleging that any indictment or plea agreement related to activity alleged. The FAC does not allege that Mr. Lupi has been indicted for, or has pleaded guilty to, any offense arising from the conduct alleged in this action, because he has not. By placing an unexplained subject line immediately after the words "convicted felon," Plaintiffs invite the reader to conclude that Mr. Lupi was indicted and pleaded guilty as a "runner and litigation funder." The structure of the paragraph is intentional, as are the omissions, and its presentation asks the Court to draw an inference Plaintiffs know, or would know upon exercise of diligence, is not true.

Third, the assertions concerning Mr. Lupi's removal from the United States and his supposed intention to relocate to Spain have no bearing on any element of any claim pleaded against him. They are included for prejudicial effect and are the type of "immaterial, impertinent, or scandalous matter" subject to Rule 12(f).

**4. Paragraph 274 — Identification of Mr. Lupi Based Solely on the First Name "Jorge"**

Paragraph 274 recounts an affidavit by Toribio De Jesus stating that he was brought to the Subin Firm in 2012 by "a person he knew as 'Jorge.'" Plaintiffs then insert the parenthetical "(i.e., Lupi)." The FAC alleges no fact connecting Mr. Lupi to Mr. De Jesus: no allegation that Mr. De Jesus identified Mr. Lupi by surname, photograph, or description; no allegation that Mr. Lupi ever met, spoke with, or received any payment in connection with Mr. De Jesus; and no allegation that Mr. Lupi had any relationship with the Subin Firm in 2012 other than the unsupported assertion in paragraph 194 discussed above. The identification rests entirely on a shared first name — one of the most common given names in the Spanish-speaking world. Paragraph 282 repeats the same device as to "Claimant A," who was allegedly referred by "Jorge," who "on information and belief, was Lupi." No source of that belief is provided. In truth, and in fact, our client is not the "Jorge" referenced in the DeJesus Affidavit.

**5. Paragraph 284 — Alleged Direction of "Claimant C" as a Subordinate**

Paragraph 284 alleges that Mr. Lupi "directed and operated the affairs of the Enterprise through subordinates, including, on information and belief, Claimant C, an uber/delivery driver." Claimant C is identified at paragraph 688 as Sixto Delgado. Mr. Delgado has never been employed by, engaged by, paid by, or directed by Mr. Lupi or any entity with which Mr. Lupi is associated. The FAC does not allege otherwise: it pleads no communication between Mr. Lupi and Claimant C, no payment, no instruction, and no act taken by Claimant C at Mr. Lupi's direction. The only facts offered are that Claimant C is "connected to" other claimants and was listed as a witness in another claimant's discovery responses served by the Subin Firm (FAC ¶ 285). That Claimant C may know other Subin Firm clients says nothing about Mr. Lupi. The allegation that Claimant C was Mr. Lupi's "subordinate" through whom he "directed and operated" a RICO enterprise is pure invention.

**6. Paragraph 296 — Alleged Violations of N.Y. Penal Law § 215.00 (Bribery of a Witness)**

Paragraph 296 alleges that Mr. Lupi "repeatedly engaged in violations of New York State Penal Law §§ 215.00 (Bribery of a Witness)," and pleads those alleged violations as racketeering predicates under 18 U.S.C. § 1961(1)(A) and as "unlawful activity" under 18 U.S.C. § 1952. Bribery of a witness under Penal Law § 215.00 requires that a person confer, offer, or agree to confer a benefit upon a witness or prospective witness upon an agreement or understanding that the witness's testimony will be influenced or that the witness will absent himself from a proceeding. In 348 pages, the FAC does not identify a single witness, or a single item of testimony sought to be influenced, or a single date on which any such conduct allegedly occurred. The

paragraph is a bare recitation of a statutory title. Plaintiffs have accused Mr. Lupi, by name and in a public filing, of repeatedly committing a Class D felony without pleading one fact that would constitute the offense. That is precisely what Rule 11(b)(3) forbids, and is further *per se* defamatory. If Plaintiffs contend that any specific act by Mr. Lupi constituted witness bribery, they should identify it. If they cannot, paragraph 296 must be withdrawn as to Mr. Lupi.

**7. Paragraph 302 — Alleged Reinvestment of Proceeds**

Paragraph 302 alleges, on information and belief, that "all or part of" Mr. Lupi's "ill-gotten gains from the Enterprise were reinvested into" five named law firms, the so-called "Lupi Alter Ego Entities," "and/or other presently unknown entities." This paragraph, together with paragraph 303, is evidently intended to supply the investment element of a claim under 18 U.S.C. § 1962(a). It does not. The FAC identifies no transfer of funds by Mr. Lupi to any entity, no amount, no date, no account, and no recipient. The phrase "and/or other presently unknown entities" concedes that Plaintiffs do not know whether any reinvestment occurred, into what, or by whom. No actual reinvestment is alleged, and the paragraph should be withdrawn as to Mr. Lupi.

**8. Paragraph 334 — Alleged Connection to Justicia Inc.**

Paragraph 334 alleges that Jose A. Hernandez was the "on-paper owner and/or operator" of several companies, including "Justicia Inc. (not named as a defendant herein)," incorporated in June 2023, and then states that in April 2024 "Amedico/Lupi announced an extensive recruitment effort for 'TEAM JUSTICIA.' See id." The FAC pleads no fact connecting Mr. Lupi or any entity associated with him to Mr. Hernandez's Justicia Inc.: no ownership interest, no officer or director role, no shared address, no shared bank account, no payment, and no communication. The sole link Plaintiffs draw is that the Spanish word for "justice" appears both in the name of Mr. Hernandez's corporation and in a marketing phrase Plaintiffs attribute to Amedico. The "See id." citation, moreover, refers back to the August 2023 online publication cited in paragraph 333 concerning the opening of the Subin Firm's 16th-floor office, which cannot be the source for an April 2024 announcement. Mr. Lupi has no connection to Justicia Inc., and the paragraph's juxtaposition of the two is calculated to suggest a relationship Plaintiffs have no basis to allege.

**Demand**

Each of the foregoing allegations was made without the evidentiary support Rule 11(b)(3) requires, or was framed through material omission so as to convey a meaning Plaintiffs know to be unsupported. We demand that Plaintiffs voluntarily withdraw paragraphs 30 (as to Mr. Lupi), 194, 196, 274 (as to the identification of Mr. Lupi), 284, 296 (as to Mr. Lupi), 302 (as to Mr. Lupi), and 334 (as to Mr. Lupi and Amedico), whether by stipulation, by a further amended pleading, or by a filed notice of withdrawal, no later than November 18, 2026.

If Plaintiffs decline to do so, Mr. Lupi will pursue all available avenues of relief, including without limitation a motion for sanctions pursuant to Rule 11(c), which will be served in

accordance with Rule 11(c)(2); an application under 28 U.S.C. § 1927 and the Court's inherent authority; a motion to strike pursuant to Rule 12(f); and any other remedy available to him in this or any other forum, including a plenary action for defamation, malicious prosecution, and all other applicable causes of action. Mr. Lupi further reserves the right to seek recovery of the attorneys' fees and costs incurred in responding to these allegations.

This letter is written without prejudice to, and with full reservation of, all of Mr. Lupi's rights, defenses, and objections, including but not limited to defenses based on personal jurisdiction, service of process, and the sufficiency of the pleading as a whole. Nothing herein should be construed as an admission of any allegation in the FAC or as a waiver of any right or defense. Our silence as to any other paragraph of the FAC should not be taken as agreement that it is adequately pleaded or accurately stated.

I am available to confer regarding the matters raised in this letter at your convenience and would welcome a call before the November 18 deadline.

Very truly yours,

/s/: *Michael L. Soshnick*

Michael L. Soshnick, Esq.
Counsel for Defendant Jorge Lupi a/k/a
Jorge A. Gonzalez-Lupi

cc: Jorge Lupi (via email)